UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA J. TOMRELL,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

CASE NO. 10-14657

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tamara Tomrell filed Objections (Doc. 15) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 14) issued in her action challenging Defendant Commissioner's denial of her application for Disability Insurance Benefits and Supplemental Security Income. In the R&R, the Magistrate Judge recommended that the Court deny Plaintiff's motion for summary judgment (Doc. 10) and grant Defendant's motion for summary judgment (Doc. 11). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **DENIES** Plaintiff's motion, and **GRANTS** Defendant's motion.

**I.   STATEMENT OF FACTS**

As the parties have not objected to the Magistrate Judge's recitation of the procedural history or the administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 14 at 1-12).

## II.  STANDARD OF REVIEW

### A.  Objections to a Magistrate Judge's Report and Recommendation

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B.  Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either

way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir.1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

### III.   ANALYSIS

Plaintiff objects to the R&R in two respects. First, she challenges the Magistrate Judge's harmless error analysis made in connection with an incomplete hypothetical question posed to the Vocational Expert ("VE"). Next, she objects to the recommendation to affirm the ALJ's rejection of the treating physician's August 2006 part-time work opinion. The Court reviews these objections in the order presented.

3

### A.     The Hypothetical Question

In the R&R, the Magistrate Judge found that the ALJ's hypothetical question posed to the VE at Plaintiff's second hearing was incomplete because although it included a sit/stand option, it did not expressly include an "at will" sit/stand option. (Doc. 16 at 13).  The Magistrate Judge concluded that the was omission harmless because the VE's testimony showed that he interpreted the hypothetical question to include an "at will" sit/stand option, which was consistent with the ALJ's description of Plaintiff's RFC.  (Id. at 14-15).  Notwithstanding this testimony, Plaintiff asserts that the ALJ's hypothetical question and the VE's response failed to accurately capture her functional limitations.  The Court disagrees.

A vocational expert's testimony in response to a hypothetical question may serve as substantial evidence in support of the conclusion that a claimant can perform other work, provided the question accurately portrays a claimant's physical and mental impairments.  Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010).  After reviewing the ALJ's hypothetical questions and the VE's responses, the Court finds no error in the Magistrate Judge's conclusion that the VE's testimony shows that he interpreted the hypothetical question to include the "at will" sit/stand option.  At both the May 2008 and August 2009 hearings, the ALJ heard uncontradicted testimony from the same VE who identified the same three jobs—cashier, information clerk, and surveillance system monitor—as available unskilled jobs that would accommodate a hypothetical claimant with the limitations that the ALJ identified, including a sit/stand option.  (A.R. at 373-75, 391-392).  Although the ALJ should have expressly included the "at will" qualifier before the sit/stand option in the hypothetical question, such error is

harmless as the VE's testimony during both hearings demonstrates that he interpreted the question to include that restriction. Moreover, at no point did the VE suggest that the jobs identified could not be performed by an individual who needed an "at-will" sit-stand option. Sending the case back to the ALJ so that he could revisit this issue would be an empty exercise because the record shows that the VE responded to a hypothetical question that implicitly included an "at will" sit/stand option. See Kobetic v. Comm'r of Soc. Sec., 114 F.App'x 171, 173 (6th Cir. 2004) (internal citations omitted) ("When remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game."). Accordingly, Plaintiff's objection is overruled.

### B. The Treating Physician's August 2006 Part-Time Work Opinion

The Magistrate Judge affirmed the ALJ's rejection of treating physician Dr. Thomas' August 2006 part-time work opinion. (Doc. 14 at 16-17). Dr. Thomas opined that Plaintiff needed to lie down for two hours of an eight-hour workday. (A.R. 21). The ALJ rejected this opinion as conclusory, finding that Dr. Thomas merely restated Plaintiff's subjective complaint without providing objective support to confirm the complained of work restrictions. (Id.). The Magistrate Judge found the ALJ's rejection of Dr. Thomas' opinion well supported and explained. (Doc. 14 at 16-17). Plaintiff objects to the Magistrate Judge's finding and requests a remand so that the ALJ can re-evaluate Dr. Thomas' opinion.

"If the opinion of the claimant's treating physician is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, it must be given controlling weight."

Hensley v. Astrue, 573 F.3d 263, 266 (6th Cir. 2009) (internal citations and quotation marks omitted). In the presence of substantial evidence that contradicts the treating physician's opinion, the ALJ may reject all or a portion of the treating source's findings, provided the ALJ supplies "good reasons" for doing so. See Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 391–392 (6th Cir. 2004); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 547 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2). When deciding the weight to be assigned to a treating physician's opinion, the ALJ may consider "evidence such as the claimant's credibility, whether or not the findings are supported by objective medical evidence, as well as the opinions of every other physician of record." Coldiron v. Comm'r of Soc. Sec., 391 F.App'x. 435, 441 (6th Cir. 2010) (citations omitted).

Here, substantial evidence supports the ALJ's determination that the August 2006 opinion of Dr. Thomas was not entitled to controlling weight because it was based on Plaintiff's unsupported subjective complaints rather than objective medical data. The ALJ supplied "good reasons" to reach this conclusion. First, he observed that the disputed functional limitation was contained within a generic "To Whom it May Concern" letter written by Dr. Thomas less than a month after Plaintiff requested Dr. Thomas to write a "disability letter" on her behalf. See (A.R. 247-248). Second, the ALJ pointed out that Plaintiff's subjective allegations regarding a need to lie down were not credible in light of the objective medical evidence, noting that Dr. Thomas offered no treatment records or notes to support the alleged limitation. Third, while acknowledging that the objective data confirmed other aspects of Plaintiff's medical impairments, the ALJ noted Dr. Thomas failed to connect these impairments to the alleged functional limitation of needing to lie down for two hours of an eight-hour workday. Although Plaintiff clearly

6

disagrees with the rationale offered, this is not a case where an ALJ failed to set forth a controlling weight analysis.

The Sixth Circuit has instructed courts to remand when confronted with disability opinions that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion. Hensley, 573 F.3d 263, 266 (6th Cir. 2009) (quoting Wilson, 378 F.3d at 545 (6th Cir. 2004). In this case, the ALJ thoughtfully considered and ultimately rejected Dr. Thomas' opinion that Plaintiff needed to lie down for two hours of an eight-hour workday. See Moses v. Comm'r of Soc. Sec., 402 F.App'x 43 (6th Cir. 2010) (citation omitted) ("An ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."). The ALJ's explanation as to why he rejected this opinion is supported by the record as a whole and is not clearly erroneous.

The Court also notes the ALJ did not wholly reject Dr. Thomas' August 2006 opinion. The ALJ's RFC contains an "at will" sit/stand work option which Dr. Thomas described in that opinion. (A.R. 19). That the ALJ credited this portion of the opinion, while dismissing the alleged need to lie down, further supports a finding that the ALJ carefully examined the record to ascertain whether the objective medical data supported Dr. Thomas' opinion and whether Plaintiff's alleged functional limitation was credible. Accordingly, a remand is unwarranted and Plaintiff's objection is overruled.

**IV.   CONCLUSION**

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (Doc. 15), **ADOPTS** the R&R (Doc. 14), **DENIES** Plaintiff's motion for summary

7

judgment (Doc. 10), and **GRANTS** Defendant's motion for summary judgment (Doc. 11).

**IT IS SO ORDERED.**

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

DATE: March 20, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record, electronically.

s/Bernadette M. Thebolt<br>
Case Manager